## FRANKLIN D. AMSDEN *vs.* LORIN G. PARMELEE.

Suffolk.    December 6, 1900. — January 9, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

In an action for a breach of condition of a contractor's bond to secure the construction of a building in accordance with certain specifications, in which the only issue tried was whether there had been a breach of condition, an architect called as a witness by the plaintiff testified on cross-examination that he was employed by the plaintiff and paid by him. *Held,* that a further question, asking how much he got, rightly was excluded as immaterial. *Held, also,* that a person who heard the contractor say to the plaintiff that he was unable to go on with the contract could testify to that statement. *Held, also,* that evidence properly was admitted as to what remained to be done on the building, at the time the work was abandoned by the contractor, as tending to show a breach of the specifications. *Held, also,* that after a witness had testified how much work had been done, when it had been done, as to the number of men employed thereon, and in detail how the work was carried on, a further question, whether the work progressed without unnecessary delay, rightly was excluded as immaterial as well as calling for the opinion of the witness. *Held, also,* that testimony of the contractor, as to the cost of the labor and materials put into the building before the work was abandoned, had no bearing on the issue tried and rightly was excluded.

CONTRACT, against a surety, for breach of condition of a bond given by contractors, to secure the construction in accordance with certain specifications of a building on the corner of Eustis and Adams Streets in that part of Boston called Roxbury. Writ dated September 4, 1897.

At the trial in the Superior Court, before *Bond,* J., after certain evidence had been put in, the judge ordered further testimony to be limited to the question of the alleged breach of the bond, stating that, if judgment should be entered for the plaintiff, another trial might be had to ascertain the amount for which execution should issue ; and thereafter the trial proceeded upon the issue as to the breach of the bond, and no other issue was submitted to the jury.    The bond was dated January, 1897, was made to Franklin D. Amsden, the plaintiff, and was executed by Walter G. Crowther and Lewis P. Kaufman as principals, and Lorin G. Parmelee, the defendant, as surety.    The condition was as follows:

"The condition of the obligation is such, that whereas said Crowther and Kaufman have this day applied to said Amsden

for a loan of $28,000 upon property on the corner of Eustis and Adams streets, in said Boston, in that part thereof formerly Roxbury, and said Amsden has accepted said application, and a mortgage on said premises for said amount has this day been given by said Crowther and Kaufman to said Amsden, and said Amsden has agreed to advance the consideration of said mortgage as set forth in said application, and is desirous of security that said Crowther and Kaufman shall well and truly observe and perform all the terms and conditions of said application up to the time the building referred to therein is up, all floors up, roof on and covered, and front, sides and rear wall up and properly joined with the roof and cornices on, and shall construct said building in accordance with the plans and specifications referred to in said application, or in accordance with any other plans and specifications which may hereafter be agreed upon by and between said Crowther and Kaufman and the said Amsden, until it has reached the stage of completion aforesaid, and shall save harmless the said Amsden from any and all loss or damage by reason of the failure of said Crowther or Kaufman, or either of them, to keep and perform all the terms and conditions of said application up to the time said building has reached the stage of completion aforesaid, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."

The jury returned a verdict for the plaintiff for $1,500, the penalty of the bond, and the defendant alleged exceptions to rulings of the judge excluding and admitting evidence during the trial. The evidence thus excluded or omitted is sufficiently described in the opinion of the court.

C. W. Rowley, for the defendant.

C. F. Jenney, for the plaintiff.

KNOWLTON, J. The only issue submitted to the jury was whether there was a breach of the condition of the bond. Under the bond the contractors, Crowther and Kaufman, were to observe and perform all the terms and conditions of their application for the construction mortgage, and were to construct the buildings in accordance with the plans and specifications referred to in the application.

The plaintiff's evidence tended to show that the contractors abandoned the work on the buildings, and told the plaintiff that

they would have to give the buildings up, that they could not go on further with them, and that the plaintiff would have to take them and foreclose the mortgage. The evidence offered .by the defendant to show the value of the buildings when completed, and that the plaintiff, at the time of the execution of the bond, received security other than the bond and mortgage, and the evidence of the amount that the contractors had put into the buildings before the foreclosure of the mortgage, was too remote. It had no bearing on the issue whether the contractors had the conversation testified to by the plaintiff and his witness. It appeared that the witness Murray, an architect called by the plaintiff, supervised the construction during the completion of the buildings, and that he was paid by the plaintiff for his services. The question how much he got was immaterial and was rightly excluded.

The testimony of Henry F. Amsden as to what the contractor Kaufman said to the plaintiff in regard to his inability to go on with the contract was not hearsay, but it bore directly on the issue. Kaufman's conduct and statements in regard to the work were the foundation of the plaintiff's action in finishing the houses and foreclosing the mortgage.

There is no good ground of objection to the testimony as to what remained to be done on the buildings. This testimony was given in connection with the specifications, and was one way of describing the condition of the buildings.

The question whether the work progressed without unnecessary delay involved, to a certain extent, the opinion of the witness, and it was immaterial, in view of his testimony as to " how much work had been done, when it was done, the number of men employed thereon, and in detail in all respects as to how the work was carried on." From this testimony the jury could determine whether the work progressed without unnecessary delay.

The testimony of Campbell, that the defendant said he would not accept from him the amount due on the houses, was rightly excluded. So far as appears there was no reason why the plaintiff should have any dealings with Campbell. The issue in the case was whether there had been a breach of the bond. Evidence of a refusal to deal with Campbell would have had no bearing on this issue.

The testimony of Crowther as to the cost of the labor and materials put into the buildings before the foreclosure of the mortgage had no bearing on the issue before the jury, and was rightly excluded.

*Exceptions overruled.*